UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 22 P 3: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

C.A. No. 05-10024-RGS

CHESTER J. CHALUPOWSKI, JR., and
MALGORZATA B. CHALUPOWSKI,

                            **Plaintiffs,**

                v.

PETER C. DIGANGI, Individually and in his
official capacity as Associate Justice of the
Probate and Family Court of Essex County,

                            **Defendant.**

## DEFENDANT PETER C. DIGANGI'S MOTION TO DISMISS

      This Court should reject Plaintiffs' attempt to seek this Court's review and reversal of a Massachusetts state court's orders and judgments. The facts alleged in the complaint arise out of Probate Court Judge Peter C. DiGangi's handling of certain litigation in which Plaintiffs were parties. The Plaintiffs seek a declaratory judgment voiding all orders and judgments issued by Judge DiGangi in that litigation, injunctive relief, and their costs of litigation. See Complaint at p. 14. The complaint should be dismissed because (1) this Court lacks subject-matter jurisdiction to sit in direct review of state-court judgments; and (2) Judge DiGangi is absolutely immune

from suit.[1]

## FACTUAL BACKGROUND[2]

Judge DiGangi is a Circuit Justice of the Massachusetts Probate and Family Court (the "Probate Court") in Essex County. According to the complaint, Judge DiGangi presided over four separate actions brought against the Plaintiffs and other family members by Plaintiff Chester Chalupowski's sister, Donna Chalupowski. Complaint at ¶¶ 10-15. Although the precise nature of the litigation is unclear from the complaint, it is generally described as an intra-family contest for control of certain assets held in trust. Complaint at ¶ 16, n. 1, 2 (describing dispute as concerning "the Chalupowski family real assets (two multifamily buildings) ... held in a realty trust" and "the Chalupowski family liquid assets ... held in a separate 'money' trust."). The Plaintiffs allege error on the part of Judge DiGangi in his handling of this litigation. Most prominent among the alleged errors is that Judge DiGangi continued to preside over certain actions that had been previously dismissed by the Probate Court. Id. at ¶¶ 11, 16-19. By continuing to preside over these matters, Judge DiGangi, according to the Plaintiffs, "concealed numerous plainly criminal actions committed by the attorneys involved in the litigation, ... includ[ing] ... multiple instances of perjury, extortion, fraud on the court, tampering with court records, and obstruction of justice." Id. at ¶ 20.

---

[1] The Plaintiffs have also filed an action in this Court against Judge John C. Stevens, III related to the same underlying litigation in the Massachusetts Probate Court. See Chalupowski v. Stevens, C.A. 05-10023-NMG. Currently pending in that case is Judge Stevens' motion to consolidate the two actions.

[2] Judge DiGangi makes no admissions with respect to the allegations contained in the complaint. For purposes of this Motion to Dismiss, however, the Court should accept the allegations as true. Berner v. Delahanty, 129 F.3d 20, 23 (1st Cir. 1997).

Plaintiffs further fault Judge DiGangi for finding that funds in their possession "must have been 'embezzled' or 'stolen' from the Chalupowski family trusts." Id. at ¶ 21. Such findings were, according to the Plaintiffs, based on "unsubstantiated and false allegations." Id. Judge DiGangi's findings led him to issue a series of orders that, according to the Plaintiffs, removed them from their position of control over the "Chalupowski family assets." Id. at ¶¶ 23, 27. Plaintiffs also claim that Chester Chalupowski was wrongly arrested and fined $1,500 during the course of the proceedings in the Probate Court. Id. at ¶¶ 24-25. Finally, Plaintiffs complain that Judge DiGangi threatened to report them to the District Attorney's Office if they did not stop filing appeals and other "extirpative" pleadings, which threats they claim violated Massachusetts law. Id. at ¶ 38-40.[3]

## ARGUMENT

**I. Plaintiff's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(h)(3) For Lack Of Subject-Matter Jurisdiction Under The Rooker-Feldman Doctrine.**

The Plaintiffs' complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) because the Plaintiffs have failed to state a basis for federal court jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (burden of showing jurisdiction lies with party invoking jurisdiction). The standards for reviewing motions under Rule 12(b)(1) and 12(h)(3), similar to those under Rule 12(b)(6), require the Court to "construe

---

[3] This is not the first time the Plaintiffs have sued a sitting state court judge in federal court in response to adverse rulings issued by the state court. See Chalupowski v. Berry, C.A. 04-11277-GAO (D. Mass.). In Chalupowski v. Berry, this Court dismissed the complaint brought by Plaintiffs against Janis M. Berry, Associate Justice of the Massachusetts Appeals Court. A copy of the Court's dismissal is attached hereto as Exhibit A. The Plaintiffs have appealed that ruling to the Court of Appeals for the First Circuit. See Exhibit B.

the [c]omplaint liberally and treat all well-pleaded facts as true, according the plaintiffs the benefit of all reasonable inferences." Id. Even under this lenient standard, the complaint should be dismissed for lack of jurisdiction because the Rooker-Feldman doctrine bars the Court from reviewing state-court judgments.[4]

The gravamen of the Plaintiffs' complaint is the propriety of various orders and judgments issued by Judge DiGangi while presiding over certain cases in the Probate Court. For example, the Plaintiffs contend that Judge DiGangi erred when he "accepted ... unsubstantiated and false allegations" against the Plaintiffs made by their opponents. Complaint at ¶ 22. In particular, Plaintiffs claim that Judge DiGangi issued a 26-page order adopting what Plaintiffs believe to be "false accusations and fraudulent statements notoriously made by the opposing counsel." Id. at ¶ 27. In other words, Plaintiffs complain that Judge DiGangi ruled against them in the litigation before him. As a remedy for these alleged errors, Plaintiffs ask that this Court issue a declaratory judgment declaring all orders and judgments issued by Judge DiGangi to be void. Id. at p. 14, Prayer 1. Plaintiffs' complaint is no more than an attack on the merits of Judge DiGangi's orders and judgments.

As such, the complaint must be dismissed as outside the jurisdiction of this Court. It is well settled under the doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. at 416 and District of Columbia Court of Appeals v. Feldman, 460 U.S. at 476, 482, 486, that the "lower federal courts have no power whatever to sit in direct review of state court decisions." Atlantic

---

[4] As discussed, infra, the Rooker-Feldman doctrine is derived from two decisions of the United States Supreme Court, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

4

Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970). The federal district courts lack such jurisdiction "even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486; accord Shepherdson v. Nigro, 5 F.Supp.2d 305, 308 (E.D. Pa. 1998) (to establish injury, plaintiff would have to show that the violation of an independent due process right caused an erroneous adverse decision to be made and this is precluded by the Rooker-Feldman doctrine); McInerney v. Garcia, 1998 WL 283574 (N.D. Cal. 1998) (unpublished decision) ("[p]laintiff's attempt to recharacterize actions by the defense counsel and the judge in that case as an 'extra-judicial' 'conspiracy' does not change the fact that the present case amounts to a federal appeal of a state judgment . . .").[5]

The Court of Appeals for the First Circuit has applied the Rooker-Feldman doctrine on numerous occasions. See, e.g., Henry v. Connolly, 910 F.2d 1000, 1002 (1st Cir. 1990); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990); Bricker v. Crane, 468 F.2d 1228, 1231 (1st Cir. 1972). In Lancellotti, the Court of Appeals for the First Circuit applied Rooker-Feldman to bar a request for relief from a state trial court's interlocutory order in "matrimonial litigation." 909 F.2d at 16-17. Affirming dismissal of the action, the First Circuit noted that the "federal district court is without authority to review final determinations of [a state court] in judicial proceedings." Id. (quoting Feldman, 460 U.S. at 476). Because the Plaintiffs are, in essence, attacking the final decisions rendered in the Probate Court, dismissal of this case under the Rooker-Feldman doctrine is wholly appropriate.

---

[5] A copy of the McInerney v. Garcia decision is attached hereto as Exhibit C.

## II. The Plaintiffs' Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted, Fed. Rule Civ. P. 12(b)(6), Because Absolute Judicial Immunity Bars This Action.

The Plaintiffs' complaint should also be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim is required if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Reading the complaint in the light most favorable to the Plaintiffs, it should be dismissed because absolute judicial immunity bars the Plaintiffs from seeking either monetary or injunctive relief against Judge DiGangi. It is axiomatic that any judicial officer, acting within the scope of his or her judicial function, is absolutely immune from civil liability. Burns v. Reed, 500 U.S. 478, 498-502 (1991) (absolute judicial immunity applies when a judge is engaged in the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights."); accord Stump v. Sparkman, 435 U.S. 349, 357 (1978). Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 357; accord Ackermann v. Doyle, 43 F.Supp. 2d 265, 271 (E.D.N.Y. 1999) ("[B]ecause the rule of absolute immunity was designed to protect the integrity of the judicial process, by allowing judges to 'be at liberty to exercise their functions with independence and without fear of consequences,' the rule applies even where the judge is accused of acting maliciously or corruptly ....") (internal citations omitted). It is clear from the complaint that Judge DiGangi acted purely in his adjudicatory role when presiding over the

litigation involving the Plaintiffs. As such, he is absolutely immune from liability under Section 1983. See In re The Justices of the Supreme Court of Puerto Rico, 695 F.2d 17, 22-23 (1st Cir. 1982).

Judicial immunity is unavailable only where the judicial officer acts in a non-judicial context or in a clear absence of any cognizable jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991); Slotnik v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980). An allegation that a judge acted merely in excess of his jurisdiction, however, is insufficient to abrogate immunity. Slotnik v. Garfinkle, 632 F.2d at 166. The fact that Plaintiffs state in conclusory fashion throughout their complaint that Judge DiGangi acted "without subject matter jurisdiction," see, e.g., Compaint. at ¶ 23, does not allow them to unilaterally abrogate Judge DiGangi's judicial immunity. Slotnik, 632 F.2d at 166., n. 1 (various counts in complaint alleged judicial defendant acted "without jurisdiction or authority," but this must be read "in the context of the complaint as a whole, which does not seriously question the jurisdiction of any of the defendants."). Therefore, Judge DiGangi is immune from any and all civil liability in this matter.

To the extent that Plaintiffs' complaint may be read as seeking only injunctive relief and not monetary damages, their position is not improved. At one time, judicial immunity pertained only to monetary damages. See, e.g., Pulliam v. Allen, 466 U.S. 522, 536-37 (1984) (judicial immunity did not extend to claims for injunctive relief). In October 1996, however, 42 U.S.C. § 1983 was amended to restore absolute immunity and legislatively reverse Pulliam. See S. Rep. No. 104-366, reprinted in 1996 U.S.C.C.A.N. 4202, 4217; Kampler v. Scullin, 989 F.Supp. 194, 201 (N.D.N.Y. 1997). As amended, 42 U.S.C. § 1983 bars injunctive relief "in any action

brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (1998 Supp.).[6] The Plaintiffs do not allege that a declaratory decree was violated or that declaratory relief was unavailable. Judge DiGangi, therefore, is absolutely immune from injunctive relief and the claim against him must be dismissed.[7]

## CONCLUSION

For the foregoing reasons, this motion to dismiss should be allowed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ David Hadas

David Hadas, BBO No. 641294
Assistant Attorney General
Government Bureau
One Ashburton Place, Rm. 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 2085

**Date: February 22, 2005**

---

[6] 42 U.S.C. § 1983 was amended by the Federal Courts Improvement Act of 1996, Pub.L. No. 104-317, § 309(c), 110 Stat. 3853.

[7] Judicial immunity entitles Judge DiGangi to "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original).

8

## L.R. 7.1(A)(2) Certificate

The dispositive nature of this motion makes agreement among the parties unlikely. Therefore, the undersigned counsel respectfully requests dispensation from the ordinary duty to confer imposed by Local Rule 7.1(A)(2), to the extent that requirement extends to matters in which the non-moving party is not represented by counsel. See LR 7.1(A)(2) ("No motion shall be filed unless <u>counsel</u> certify that they have conferred . . .") (emphasis added).

David Hadas, BBO No. 641294

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 2/22/05.

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CHALUPOWSKI
             Plaintiff(s)

v.                                                    CIVIL ACTION NO. 04-11277-GAO

BERRY
             Defendant(s)

## JUDGMENT IN A CIVIL CASE

O'TOOLE, D.J.

☐ **Jury Verdict.** This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by the Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that defendant's motion to dismiss ( # 3) is GRANTED. No timely opposition to the motion having been received, after review of the motion and grounds presented, the motion to dismiss is granted substantially for the reasons argued by the defendant in the motion ( # 3). The action is dismissed with prejudice.

TONY ANASTAS,
CLERK OF COURT

Dated: 9/10/04

By      Paul S. Lyness
             Deputy Clerk

# *EXHIBIT B*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Docket: 04-11277-GAO

FEB 02 2005

CHESTER J. CHALUPOWSKI, Jr. et al.
            Plaintiffs

v.

JANIS M. BERRY, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS ASSOCIATE JUSTICE OF THE
APPEALS COURT OF MASSACHUSETTS
            Defendant

## NOTICE OF APPEAL

Notice is hereby given that Chester and Malgorzata Chalupowski, Plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the First Circuit from the Order entered in this action on the 19th day of January 2005.

Chester J. Chalupowski, Jr. Pro Se
Malgorzata Chalupowski, Pro Se
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

January 28, 2005

# EXHIBIT C

Westlaw.

Not Reported in F.Supp.
1998 WL 283574 (N.D.Cal.)
(Cite as: 1998 WL 283574 (N.D.Cal.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court, N.D. California.
Joseph MCINERNEY, Plaintiff,
v.
Hon. David GARCIA, et al. Defendants.
No. C 97-3352 SI.

May 26, 1998.

ORDER OF DISMISSAL

ILLSTON, District J.

*1 On May 22, 1998, the Court held a hearing on defendants' motion to dismiss. Plaintiff failed to appear at the hearing. Having considered the papers submitted by plaintiff and defendants' counsel, the Court hereby GRANTS the defendants' motion.

BACKGROUND

Plaintiff filed this action, pro se and *in forma pauperis*, under §§ 1981, 1983, 1985(2) and (3), and 1986 on September 11, 1997. Plaintiff alleges that the defendants have deprived him of his constitutional rights, including his right to petition the government for redress of grievances, access to the courts, equal protection and procedural due process. *See* Complaint ¶ 2. Plaintiff seeks monetary, declaratory and injunctive relief. *See id.* ¶ 2.

Defendant David Garcia is a San Francisco Superior Court judge. Plaintiff alleges that the remaining individual defendants are past or present employees of the City and County of San Francisco.

The basis of plaintiff's complaint appears to be allegations concerning conduct by the City Attorney and Judge Garcia during various lawsuits brought by plaintiff in state court. Plaintiff claims that defendants, for example, "engaged in abusive discovery proceedings of confidential medical records," *id.* ¶ 20, and "maintain[ed] the malicious prosecution of the defense of those actions brought against them ...." *Id.* On September 11, 1996, plaintiff alleges, defendants "caused through their noncommunicative conduct and fraud upon the court and with the collusion of the court itself through defendant the Honorable David Garcia the dismissal of plaintiff's action in San Francisco Superior Court upon an affirmative defense not specifically pleaded by defendant City and County of San Francisco and its attorneys, the doctrine of res judicata and its component collateral estoppel." *Id.* ¶ 21. "Judge Garcia conspired with defendants to sign the Order Dismissing the action without affording plaintiff his right to approve the language of such order itself which then exceeded the scope of the tentative ruling." *Id.* ¶ 22.

DISCUSSION

Defendants argue that (1) plaintiff's allegations concerning Judge Garcia must be dismissed because Judge Garcia has absolute immunity for his judicial acts; (2) defendant Eugene Perez should be dismissed as a defendant because the complaint makes no factual allegations against him; (3) plaintiff's conspiracy claim based on communications between counsel for San Francisco and Judge Garcia is barred by California's litigation privilege; (4) plaintiff's general conspiracy allegations fail to state a claim on which relief can be granted; (5) plaintiff has failed to state a claim for municipal liability under section 1983; (6) the complaint fails to allege fraud with sufficient particularity; and (7) San Francisco is immune from suit for actions taken to prosecute a judicial proceeding.

Plaintiff argues that Judge Garcia may be held liable for his alleged collusion with the City Attorney because his acts were "extra-judicial"; he argues that Judge Garcia cannot be immune because his communications with defense counsel were not related to plaintiff's litigation but rather were part of the conspiracy against him. Included in this conspiracy, plaintiff claims, were two state appellate judges. Plaintiff reiterates in a supplement to his opposition that a conspiracy against him

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1998 WL 283574 (N.D.Cal.)
**(Cite as: 1998 WL 283574 (N.D.Cal.))**

Page 2

existed.

\*2 For the reasons provided by defendants, the Court agrees that plaintiff's case must be dismissed for failure to state claims on which relief could be granted. Judge Garcia is entitled to absolute judicial immunity from plaintiff's action, and this immunity cannot be defeated by framing Judge Garcia's ruling against plaintiff as an "extra-judicial" conspiracy. *See Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir.1996)("Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party ...."). The Court also concurs that defendants' alleged communications are protected by the litigation privilege contained in Cal. Civil Code § 47(b). And plaintiff's remaining allegations, particularly those related to an alleged conspiracy under § 1985(3) and municipal liability under § 1983, are so vague that the Court concludes plaintiff may not proceed on his complaint.

In actuality, plaintiff, deemed a vexatious litigant in state court, appears to be pursuing an appeal of a state court's dismissal of a lawsuit. That dismissal was upheld on appeal. *See* Motion App. B. [FN1] Plaintiff's attempt to recharacterize actions by the defense counsel and the judge in that case as an "extra-judicial" "conspiracy" does not change the fact that the present case amounts to a federal appeal of a state judgment, after state appeals were unsuccessful.

> FN1. Plaintiff sued many of the same defendants in that state court action, arguing that defendants had wrongly disclosed plaintiff's psychiatric records in an earlier litigation brought by plaintiff.

This Court of course lacks jurisdiction to hear such an appeal. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (federal courts lack jurisdiction to review state court decisions); Erwin Chemerinsky, *Federal Jurisdiction* 779 (1994) ("A litigant in a state court generally may secure federal court review of the state court's judgments and proceedings only by first exhausting all available appeals within the state system and then seeking review of the final judgment in the United States Supreme Court.").

CONCLUSION

For the above reasons, and those stated in defendants' papers, plaintiff's complaint is dismissed with prejudice in its entirety.

IT IS SO ORDERED.

1998 WL 283574 (N.D.Cal.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.