UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10024- RGS

CHESTER J. CHALUPOWSKI, JR., and
MALGORZATA B. CHALUPOWSKI

v.

PETER C. DIGANGI, Individually and
in his official capacity as Associate Justice
of the Probate and Family Court of Essex County

ORDER ON DEFENDANT'S
MOTION TO DISMISS

March 14, 2005

STEARNS, D.J.

The motion to dismiss will be <u>ALLOWED</u>. A federal district court has no power to sit in direct review of state court decisions, even where constitutional error is alleged. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923). <u>D.C. Ct. of App. v. Feldman</u>, 460 U.S. 462 (1983). Among the federal courts, only the Supreme Court of the United States has the jurisdiction to invalidate state civil judgments. <u>Mandel v. Town of Orleans</u>, 326 F.3d 267, 271 (1st Cir. 2003). <u>See</u> also <u>Wang v. New Hampshire Bd. of Registration in Medicine</u>, 55 F.3d 698, 703 (1st Cir. 1995). The <u>Rooker-Feldman</u> doctrine also precludes review of federal claims that are "inextricably intertwined" with claims adjudicated in state court. <u>Sheehan v. Marr</u>, 207 F.3d 35, 40 (1st Cir. 2000). "It is not necessary that the federal action formally seek to invalidate the state judgment; it is enough if the federal action would in substance defeat or negate a state judgment, for example if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before

it.'" <u>Mandel</u>, 326 F.3d at 271.  A second, equally compelling ground for dismissal lies in the fact that the defendant, a Justice of the Probate and Family Court, enjoys absolute immunity from suit for acts undertaken pursuant to his adjudicatory function.  <u>Mireles v. Waco</u>, 502 U.S. 9, 12-13 (1991) (per curiam).

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE